# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY OWENS** | **CRIMINAL ACTION** |
| **VERSUS** | **NUMBER 07-3466** |
| **BURL CAIN, WARDEN** | **SECTION "S"(4)** |

## ORDER AND REASONS

The court, having considered the complaint, the record, the applicable law, and the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objection to the Magistrate Judge's Report and Recommendation, hereby rejects the Report and Recommendation of the United States Magistrate Judge for the reasons that follow.

**IT IS FURTHER ORDERED** that the matter is referred to the United States Magistrate Judge for a Report and Recommendation on the merits of Roy Owens' *habeas corpus* petition.

## BACKGROUND

Petitioner, Roy Owens ("Owens"), was indicted by a grand jury in St. Tammany Parish, State of Louisiana, on October 26, 2001, for second degree murder. He was found guilty as charged on June 25, 2003. On September 3, 2003, he was sentenced to life in prison. Thereafter, Owens pursued the Louisiana appeals process through the Supreme Court of Louisiana. On March 11, 2005, the Supreme Court of Louisiana denied Owens' writ application. On June 9, 2005, Owens' conviction became final.

On January 13, 2006, Owens filed an application to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, for post conviction relief. The trial court denied his application on January 25, 2006, and the Court of Appeal of Louisiana, First Circuit denied Owens' subsequent writ application on May 30, 2006.

On June 14, 2006, Owens filed a writ to the Supreme Court of Louisiana. On August 8, 2006, Owens received a letter from the Supreme Court of Louisiana stating his writ had been accidentally discarded. He was instructed to enclose a copy of the letter when he re-filed his writ. On August 15, 2006, Owens re-sent his writ application to the Supreme Court of Louisiana along with the letter. His writ was denied on May 18, 2007.

On June 10, 2007, Owens filed a petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Louisiana. On July 12, 2010, the United States Magistrate Judge issued a report and recommendation recommending Owens' petition be dismissed as time-barred. The United States Magistrate Judge found that Owens did not timely file his writ to the Supreme Court of Louisiana. However, the magistrate judge's report and recommendation, did not mention that Owens' initial writ of June 14, 2006, was accidentally discarded. Owens' objection to the report and recommendation provided the information regarding the discarded writ, and the letter from the Supreme Court of Louisiana regarding the same.

**ANALYSIS**

**1. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for filing federal habeas corpus applications. 28 U.S.C. § 2244(d)(1). The period begins to run when the state court judgment is final, however the federal limitations period is tolled

while a properly filed application is pending in state court. In Re: Marvin Lee Wilson, 442 F.3d 872, 874 (5th Cir.2005).

Owens' conviction became final on June 9, 2005. The federal limitations period ran for two hundred and five (205) days. The federal limitations period was tolled on January 13, 2006, when Owens filed his writ application with the 22nd Judicial District Court. Tolling then continued until further appellate review was unavailable under Louisiana procedure. See Melancon v. Kaylo, 259 F.3d 401, 405 (5th Cir.2001).

Owens' writ application to the Court of Appeal of Louisiana, First Circuit was denied on May 30, 2006. On June 14, 2006, Owens submitted a timely application to the Supreme Court of Louisiana, however it was inadvertently discarded. Owens was made aware of this on August 8, 2006, and on August 15, 2006, re-sent the writ application to the Supreme Court of Louisiana. Because Owens' writ was lost due to a state created impediment, the AEDPA limitations period was tolled until the writ was properly filed. See Critchley v. Thaler, 586 F.3d 318, 320 (5th Cir. 2009) (failure of the county clerk's office to file a federal *habeas corpus* petition is a state-created impediment under 28 U.S.C. § 2244(d)(1)(B), which tolls the AEDPA limitations period while the impediment exists). Owens re-filed his writ to the Supreme Court of Louisiana within seven (7) days of notification of the loss. The Supreme Court of Louisiana denied Owens' writ on May 18,

2007. Owens filed his federal *habeas corpus* petition on June 10, 2007,[1] twenty-three (23) after the Supreme Court of Louisiana denied his writ. Therefore, Owens' federal *habeas petition*, was timely.

**CONCLUSION**

The court, having considered the complaint, the record, the applicable law, and the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objection to the Magistrate Judge's Report and Recommendation, hereby rejects the Report and Recommendation of the United States Magistrate Judge for the reasons that follow.

**IT IS FURTHER ORDERED** that the matter is referred to the United States Magistrate Judge for a Report and Recommendation on the merits of Ray Owens' habeas corpus petition.

New Orleans, Louisiana, this  16th   day of August, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[1] The Fifth Circuit has recognized that the "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir.1999). The clerk of court filed Owens' federal habeas corpus petition on July 23, 2007, when the filing fee was paid. Owens dated his signature on the petition on June 10, 2007. This is the earliest date he could have delivered it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application fo the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, 846 (5th Cir.2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing).

4